IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00847-GPG

ERIC ADAMS,

    Applicant,

v.

KLINE, Warden,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Eric Adams, is in the custody of the Bureau of Prisons, currently incarcerated at Florence ADMAX. Mr. Adams initiated this action on April 11, 2018 by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 in a Habeas Corpus Action (ECF No. 3). He has been granted leave to proceed *in forma pauperis*. (ECF No. 4).

    On April 12, 2018, Magistrate Judge Gordon P. Gallagher ordered Applicant to file an amended habeas application. (ECF No. 5). Specifically, Mr. Adams was informed that his Eighth Amendment conditions of confinement claim based on prison officials serving his covered food trays to him without wearing gloves may not be raised in a habeas action. Instead, a prisoner challenging the conditions of his confinement must do so through a civil rights action. Judge Gallagher instructed Mr. Adams that if he wished to pursue any claims regarding the conditions of his confinement, he must do

so by initiating a separate civil rights action. Additionally, Judge Gallagher noted that Mr. Adams is subject to filing restrictions under 28 U.S.C. §1915(g). If Mr. Adams wished to challenge his detention, Judge Gallagher ordered him to file an amended habeas application that provided a clear statement of a federal constitutional claim demonstrating his confinement is unlawful.

On May 14, 2018, Applicant filed an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 ('the Amended Application"). (ECF No. 6). The court must construe the Amended Application liberally because Mr. Adams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, the Amended Application will be dismissed for lack of statutory jurisdiction.

In his Amended Application, Mr. Adams asserts that his sentencing court, the United States District Court for the Eastern District of New York, lacked subject matter jurisdiction over his criminal case because it acquired jurisdiction prior to the state court relinquishing its jurisdiction of the pending state criminal cases. (ECF No. 6 at 16). Mr. Adams admits that he has previously filed two separate habeas applications in this court asserting the same claim, as well as apparently asserting the same claim in a habeas action in federal court in the Eastern District of New York. (*Id.*, citing 08-cv-00538-ZLW and 11-cv-00529-LTB). However, according to Mr. Adams, no court has ever considered the merits of his claim. It is apparent, and Mr. Adams concedes, that he is challenging his conviction and sentence as opposed to the execution of his sentence.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and [a] 28 U.S.C. § 2255 petition attacks the legality of detention. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to § 2241 is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255. *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, [t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255. *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Applicant bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because [o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in extremely limited circumstances).

That Applicant may have sought and was denied relief in a § 2255 motion does not demonstrate that the remedy was inadequate or ineffective. *See Williams*, 323 F.2d at 673. Even an erroneous decision on a § 2255 motion does not demonstrate the remedy available under § 2255 is inadequate or ineffective because the decision can be

appealed. *See Sines*, 609 F.3d at 1073. Furthermore, even if Applicant is barred from raising his claims in a second or successive motion pursuant to § 2255, the remedy provided in § 2255 still is not inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. Instead, the opportunity to seek a § 2255 remedy must be deemed "genuinely absent" before a prisoner may properly file a § 2241 application. *Prost,* 636 F.3d at 588. For example, the savings clause may be met when the original sentencing court has been abolished or dissolved, and the applicant has nowhere to file a § 2255 motion. *See id.*; *see also Caravalho*, 177 F.3d at 1178 (listing cases). "The savings clause doesn't guarantee results, only process." *Prost*, 636 F.3d at 590.

Applicant argues that his claim is not barred because it was never adjudicated on the merits. Further, Mr. Adams argues that remedy available pursuant § 2255 is inadequate and ineffective because his claim is against the person who holds him in custody, the Warden of Florence ADMAX, and a §2255 motion, filed in his sentencing court, would not be inadequate and ineffective because that court would not have jurisdiction over Warden Kline. (ECF No. 6 at 18-22).

However, Applicant's arguments fail to demonstrate that the opportunity to seek relief under § 2255 is "genuinely absent." *Prost*, 636 F.3d at 588. In short, because Applicant's claims "'could have been tested in an initial § 2255 motion,'" *id.* at 584, he cannot demonstrate that a § 2255 remedy is "inadequate or ineffective" to test the legality of his detention. *See Abernathy v. Wandes,* 713 F.3d 538, 549, 551 (10th Cir. 2013). "[T]he plain language of the savings clause does not authorize resort to § 2241 simply because a court errs in rejecting a good argument." *Prost*, 636 F.3d at 590.

Because Applicant fails to demonstrate the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective under the *Prost* test, the Amended Application will be dismissed for lack of statutory jurisdiction. *See Abernathy*, 713 F.3d at 557.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) is denied and this action is dismissed for lack of statutory jurisdiction because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __18th__ day of __May__, 2018.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court